DANIEL J. BRODERICK, Bar #89424
Federal Defender
TIMOTHY ZINDEL, Bar #158377
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700


Attorney for Defendant
DALE R. FRISBEY


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | ) No. 2:09-CR-00513-MCE |
|---|---|
| Plaintiff, | ) |
| | ) **STIPULATION AND ORDER** |
| v. | ) **CONTINUING STATUS CONFERENCE** |
| | ) **AND EXCLUDING TIME** |
| DALE R. FRISBEY, et al., | ) |
| Defendants. | ) Date:  January 26, 2012 |
| | ) Time:  9:00 a.m. |
| _____ | ) Judge: Hon. Morrison C. England |

IT IS HEREBY STIPULATED AND AGREED between all defendants and plaintiff, United States of America, by and through their attorneys, that the hearing presently scheduled for January 26, 2012, may be continued to March 1, 2012, at 9:00 a.m.

The Court has previously found this case to be complex under the Speedy Trial Act due to the time-span of the charges, the filing of a parallel forfeiture action, and numerous searches involved in the investigation. The parties' discussions regarding resolution of the case have continued since the last status conference, including a meeting of

1 all counsel last week, and additional investigation has been done by
2 counsel for Mr. Frisbey.  The defense has requested and the government
3 will provide additional discovery.  The parties agree and stipulate that
4 the Court should find that the requested continuance of the trial date is
5 necessary to allow time for counsel to prepare, to complete their review
6 of this case, to conduct plea negotiations, and to allow defense counsel
7 time to explain the ramifications of any plea offer to their respective
8 clients.  The parties agree and stipulate that the Court should find that
9 this case remains complex and additional preparation time is needed by
10 all defense counsel, and that time under the Speedy Trial Act should be
11 excluded from the date of this stipulation through March 1, 2012,
12 pursuant to Title 18, United States Code, Section 3161(h)(7)(A) and
13 (B)(ii) and (iv) and Local Codes T2 and T4. The parties agree and
14 stipulate that the Court should find the ends of justice served by the
15 granting of the requested continuance outweigh the best interests of the
16 public and defendants in a speedy trial.

                                    Respectfully Submitted,

                                    DANIEL J. BRODERICK
                                    Federal Defender

Dated:  January 23, 2012            /s/  T. Zindel
                                    TIMOTHY ZINDEL
                                    Assistant Federal Defender
                                    Attorney for DALE R. FRISBEY

Dated:  January 23, 2012            /s/ T. Zindel for M. Chastaine
                                    MICHAEL L. CHASTAINE
                                    Attorney for THOMAS G. COOPMAN

Dated:  January 23, 2012            /s/ T. Zindel for H. Gable
                                    HAYES H. GABLE, III
                                    Attorney for EDWIN B. TOOLE

                                    BENJAMIN B. WAGNER
                                    United States Attorney

Dated:  January 23, 2012   By:     /s/  T. Zindel for S. Wong
                                    SAMUEL WONG
                                    Assistant U.S. Attorney

**O R D E R**

The Court having received, read, and considered the parties' stipulation, and good cause appearing therefrom, the Court adopts the stipulation in its entirety as its order. The status conference is continued to March 1, 2012, at 9:00 a.m. Based on the stipulation of the parties and the recitation of facts contained therein, the Court finds that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the time limits established in 18 U.S.C. § 3161 and that the case is unusual and complex within the meaning of the Speedy Trial Act. The Court finds that the failure to grant the requested continuance would deny each defendant's counsel reasonable time for effective preparation taking into account the exercise of due diligence. The Court finds that a continuance is necessary for the reasons stated above and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. Time within which the trial of this case must be commenced is therefore excluded from the date of the parties' stipulation, January 23, 2012, through and including March 1, 2012, pursuant to 18 U.S.C. §3161(h)(7)(A) and (b)(ii) and (iv) and Local Codes T2 and T4.

IT IS SO ORDERED.

Dated: January 24, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE